[File No. 5945.]

JACK McEWEN and Dan McEwen, Co-partners as McEwen Brothers, Appellants, v. THE STATE OF NORTH DAKOTA, Doing Business as the State Hail Insurance Department, et al., Respondents.

(237 N. W. 306.)

Opinion filed June 20, 1931. Rehearing denied July 7, 1931.

*E. N. Swiggum* and *De Puy & De Puy,* for appellants.

*James Morris,* Attorney General, and *Chas. Simon,* Assistant Attorney General, for respondents.

BURKE, J. This is an appeal from an order sustaining a demurrer to a petition for a mandamus against the State of North Dakota, doing business as the State Hail Insurance Department, S. A. Olsness as Commissioner of Insurance, and John Steen, as State Auditor.

On the 10th day of May, 1930, Jack McEwen executed a crop-listing affidavit describing land subject to state hail insurance showing on the plat 300 acres of crop in section 12, twp. 158, range 52, in Walsh county, N. D., which affidavit was sworn to before Olaf A. Helland, assessor of said township, who duly listed the premises for hail insurance. In the column provided on the plat for showing the cropped lands, the number of acres shown thereon to be cropped during said year is given by the assessor as thirty acres, and the same not

being corrected before the 10th day of June, 1930, only thirty acres of said land were assessed and insured against loss by hail.

On the 18th of July 1930, the crop on said land was totally destroyed by hail. The loss was reported to the commissioner of state hail insurance and was adjusted at the sum of $2,100. Payment of this claim was refused, for the reason, that upon the return of the assessor only thirty acres of the crops on said land were insured. The state hail insurance law does not apply automatically, it can only be secured by complying with the statute. Bossen v. Olsness, 48 N. D. 68, 182 N. W. 1013.

Section 9 of chapter 232, Laws of 1923, § 189b9 Supp. Laws of 1913, makes it "the duty of every county and township assessor at the time of listing property for assessment to return the number of tillable acres in every tract, parcel or subdivision of land, subject to taxation, together with the name of the person in whose name the land is taxed, and also the number of acres of such land, if any, in crop, or to be sowed or planted to crop during such year. He shall note upon a diagram on the crop-listing blank the location of such land in crop or to be planted or sowed to crop during such year, and shall return and file the same with the county auditor on or before the first day of June in each year. In case the number of acres in crop, as shown on the crop-listing affidavit in the column provided for showing such crop lands, do not correspond with the cropped acreage shown on the diagram on the face of the crop-listing affidavit, the number of acres as given in the cropped lands column shall govern." Under § 189b11, Supp. to the Comp. Laws 1913, it is "Provided, that if any assessor shall neglect to list such land or shall list it improperly, any such owner or tenant or their agents may list such land with the county auditor prior to June 10th of any year by making affidavits as above provided."

In the instant case the assessor listed the land improperly, and the plaintiff on or before the 10th of June could have filed an affidavit correcting the crop-listing affidavit. This he neglected to do, and since the crop-listing affidavit was not corrected, and the statute specifically provides that the number of acres as shown by the assessor in the column provided for that purpose shall govern, it is binding on the plaintiff and upon the officers whose duty it is to administer the

law and the order sustaining the demurrer and quashing the writ is affirmed.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL, and NUESSLE, JJ. concur.